# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1919V
UNPUBLISHED

COLLEEN SEXTON,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Chief Special Master Corcoran

Filed: June 8, 2021

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Influenza (Flu) Vaccine;
Shoulder Injury Related to Vaccine
Administration (SIRVA)

*James M. Merrigan, Rawson, Merrivan & Litner, LLP, Boston, MA, for Petitioner.*

*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On December 18, 2019, Colleen Sexton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered "a tear of the right rotator cuff, which was 'caused in fact' by her receipt" of an influenza ("flu") vaccine that was administered to her on October 25, 2017. Petition at 1.[3] The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 7, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner subsequently stated that she "is alleging that she suffered a shoulder injury that falls within the 'Vaccine Injury Table' and is compensable." ECF No. 21.

Specifically, Respondent has concluded that Petitioner's medical course is consistent with a shoulder injury related to vaccine administration ("SIRVA") "as defined by the Vaccine Injury Table and Qualifications and Aids to Interpretation". *Id.* at 6.  Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master